Case 4:12-cv-00639-A Document 8 Filed 01/24/13 Page 1 of 5 PageID 60

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 24 2013

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:12-CV-639-A |
| | § | (NO. 4:09-CR-160-A) |
| | § | |
| DANIEL BERNARDINO | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, Daniel Bernardino, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The government filed a response, and movant filed a reply. Having now considered the parties' filings, the entire record of this case, and applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

On January 5, 2010, a jury found movant guilty of one count of smuggling goods from the United States in violation of 18 U.S.C. § 554(a). The court sentenced movant to a term of imprisonment of seventy-eight months, to be followed by a three-year term of supervised release. The United States Court of Appeals for the Fifth Circuit affirmed movant's conviction. United States v. Bernardino, 444 F. App'x 73 (5th Cir. 2011).

II.

Grounds of the Motion

As the first ground of the motion movant alleges that his sentence was incorrectly calculated using a base offense level of 26, plus a two-point enhancement for perjury, when the base offense level should have been 14. As the second ground movant contends his attorney, Roderick White ("White"), rendered ineffective assistance by failing to object to the incorrect offense level.

As the factual basis for the first ground movant alleges that the court, rather than the jury, decided facts pertaining to movant's offense level, in violation of Apprendi.[1] Movant claims as the factual basis of the second ground that had White investigated the sentencing guidelines imposed in his case White would have informed the court that movant's base level should have been 14 instead of 26.

III.

Treatment of § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and

---

[1] Apprendi v. New Jersey, 530 U.S. 466 (2000).

finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude. <u>Shaid</u>, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors, but is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal but, if condoned, would result in a complete miscarriage of justice. <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 21, 1981).

IV.

<u>None of the Grounds Has Merit</u>

A. <u>First Ground</u>

Movant failed to raise his <u>Apprendi</u> claim on direct appeal. It is now well settled that "a collateral challenge may not do service for an appeal." <u>Shaid</u>, 937 F.2d at 231 (quoting <u>Frady</u>, 456 U.S. at 165). Issues or claims that could have been, but were not, raised on direct appeal cannot later be brought in a collateral proceeding. <u>United States v. Acklen</u>, 47 F.3d 739, 741-42 (5th Cir. 1995); <u>United States v. Vaughn</u>, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).

Because movant raised this claim for the first time in his § 2255 motion, he was required to show "cause for his procedural default, and actual prejudice resulting from the error." Shaid, 937 F.2d at 232 (quotation marks, footnote, and citation omitted). To establish "cause" requires movant to show that "some objective factor external to the defense" prevented him from raising the claim on direct appeal. United States v. Guerra, 94 F.3d 989, 993 (5th Cir. 1996).

Movant has failed to allege or establish any objective factors external to his defense that prevented him from raising his Apprendi issue on direct appeal. Movant is thus procedurally barred from raising this claim on collateral review. Id.; Shaid, 937 F.2d at 232.

B. Second Ground

Movant's second claim is that White provided ineffective assistance of counsel. The basis of the claim is White's alleged failure to object to the base offense level of 26 in the presentence report, when movant contends the base level should have been 14. The record contradicts movant's claim. White's first objection to the presentence report was an objection to the offense level of 26 and an argument that the correct level was 14. White reurged his objection during the sentencing hearing,

although the court overruled the objection. That White's objection was ultimately unsuccessful does not constitute ineffective assistance. <u>Youngblood v. Maggio</u>, 696 F.2d 407, 410 (5th Cir. 1983).

V.

<u>ORDER</u>

Therefore,

The court ORDERS that the motion of Daniel Bernardino to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED January 24, 2013.

JOHN McBRYDE
United States District Judge

5